**Gabriel Del Virginia, Esq. (GDV-4951)**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor/Plaintiff.*
488 Madison Avenue, 19th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
<u>gabriel.delvirginia@verizon.net</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X

In re

                                    Chapter 7

BETSY S. GREEN,

      Debtor.                   Case No. 09-11958-(alg)

---------------------------------X
---------------------------------X
BETSY S. GREEN,

            Plaintiff,

    - against  -

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY         Adv. Pro. No. 09- alg
INTERNAL REVENUE SERVICE,

           Defendant.
---------------------------------X

**COMPLAINT TO DETERMINE THE DISCHARGEABILITY**
<u>**OF TAX DEBT PURSUANT TO 11 U.S.C. §§ 523 AND 507.**</u>

    Betsy S. Green, ("Debtor," or "Plaintiff"), by and through her undersigned attorney, alleges:

    1.   This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

2. This is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

3. Venue of this action is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

4. The Debtor filed her voluntary petition for relief under chapter 7 of the Bankruptcy Code, with this Court on April 15, 2009.

5. That the following party is a creditor of the Debtor:

>     Internal Revenue Service
>     Post Office Box 9019
>     Holtsville, New York 11742

6. That above-named defendant the ("IRS" or "Defendant") alleges that Plaintiff owed approximately $688,750.00 to the IRS for the tax years 1997-2005 (the "1997-2005 Taxes"). See Exhibit A detailing 1997-2005 Taxes. The Debtor believes that the 1997-2005 Taxes will be reduced by some funds that the Chapter 7 Trustee may recovered for the benefit of the estate.

7. Before the filing of the instant case, the IRS attempted to levy the Debtor's property.

**COUNT I: DETERMINATION OF DISCHARGEABILITY.**

8.  The Plaintiff reallege statements set forth in paragraphs 1-8 and incorporate such paragraphs herein.

9.  Section 523 of the Bankruptcy Code provides in the pertinent part

> (A) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (1) for a tax or a customs duty--
> (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
> (B) with respect to which a return, or equivalent report or notice, if required--
> (i) was not filed or given; or
> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

11 U.S.C. § 523.[1]

10. The 1997–2005 Taxes became due more than three (3) years before the date of the filing of this petition on April 15, 2009.

---

[1]
Section 507 of the Bankruptcy Code, 11 U.S.C. § 507, in the pertinent part states: **(a)** The following expenses and claims have priority in the following order:
 **(8)** Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--
**(A)** a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition--
**(i)** for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
**(ii)** assessed within 240 days before the date of the filing of the petition, exclusive of--

11. Debtor duly filed a non-fraudulent tax return for such periods.

12. As such, the Debt is not excepted from discharge by Section 523(1) of the Bankruptcy Code.

### COUNT II: SETTING ASIDE TAX LIENS

**A. Tax liens predicated upon Tax Debt Discharged in the Chapter 7 Case.**

13. The Plaintiff reallege statements set forth in paragraphs 1-12 and incorporate such paragraphs herein.

14. The Plaintiff believes that the Defendant may have filed one or more federal tax liens against the Plaintiff.

15. Any such tax lien, to extent that they exist, may cloud the title of any property that is exempt and may further cloud the title of any property hereinafter acquired by the Plaintiff. To the extent that such liens cloud the title of the Plaintiff's property upon a debt that is discharged in the Chapter 7 Case, such liens should be set aside.

**b. TAX LIENS PREDICATED UPON PREPETITION SECURED CLAIM.**

16. The Plaintiff reallege statements set forth in paragraph 1-15 and incorporate such paragraphs herein.

17. The value of the prepetion assets do not support any secured claim that is or may be alleged by the Defendant. As such, a lien predicated upon a prepetition secured claim should not attach to assets acquired by the Debtor post-petition.

4

WHEREFORE, Plaintiff respectfully prays for judgment: (i) on COUNT I determining that the 1997-2005 Taxes are dischargeable pursuant to Sections 523(a)(1) and 507(a)(8)(A)(i), (ii) of the Bankruptcy Code and (ii) for COUNT II setting aside liens that are predicated upon debt that is dischargeable in the Chapter 7 Case and liens predicated upon any prepetition secured claim; that this Court make such orders as are necessary to protect or effectuate such determination; and that Plaintiff have such other and further relief as is just.

Dated: October 21, 2009
      New York, New York

                        Respectfully submitted,

                        **LAW OFFICES OF GABRIEL DEL VIRGINIA**
                        *Attorneys for the Debtor/Plaintiff.*

                  By: /s/ *Gabriel Del Virginia*
                        **Gabriel Del Virginia, Esq. (GDV-4951)**
                        488 Madison Avenue, 19th Floor,
                        New York, New York 10022
                        Telephone: 212-371-5478
                        Facsimile: 212-371-0460
                        *gabriel.delvirginia@verizon.net*